It was not contended on the argument, that the defendant was personally liable, on the alleged promise, to reimburse the town of Norwich. The action was brought to enforce an alleged liability of the town which the defendant represents, in favor of the town represented by the plaintiffs. But an examination of the statutes, will show that the alleged contract of the defendant was not within the scope of his official power, and hence that no action against the town can be maintained upon it. The Revised Statutes provide that paupers shall not be removed from one town to another, as they might have been under the former statutes; but they declare that every poor person shall be supported in the town or county where he may be. (1 R.S., 622, § 31.) In counties where the respective towns are liable to support their poor (which was the case in *Page 343 
Chenango), if a pauper has gained a settlement in a different town, in the same county, from the one where he may be when he requires relief, "he shall be supported at the expense of the town where he may be, and the overseers shall give notice, in writing, to the overseers of the town in which such pauper shall belong, or to one of them, requiring them to provide for the support and relief of such pauper." (Id., subd. 4.) The two following sections provide for trying the question as to the settlement of the pauper before the county superintendents of the poor, in cases where the overseer of the poor, on whom the notice is served shall contest that point, and it is declared that if he do not institute the proceedings authorized to be taken for that purpose, he and his town shall be forever precluded from denying that the settlement was in that town. The next section shows the manner in which the expenses incurred by the town of Norwich, in this case, might have been recovered, as follows: "The overseers of the poor of the town in which it may be alleged any pauper has gained a settlement, may, at any time after receiving such notice, requiring them to provide for such pauper, take and receive such pauper to their town, and there support him. If they omit to do so, or shall fail to obtain the decision of the county superintendents, so as to exonerate them from the maintenance of such pauper, the charge of giving such notice, and the expense of maintaining such pauper, after being allowed by the county superintendents, shall be laid before the board of supervisors at their annual meetings, from year to year, as long as such expenses shall be incurred; and the supervisors shall annually add the amount of such charges to the tax to be levied upon the town to which such pauper belongs, together with such sum, in addition thereto, as will pay the town incurring such expenses the lawful interest thereon, from the time of expenditure to the time of repayment, which sums shall be assessed, levied and collected in the same manner as the other contingent *Page 344 
expenses of such town. The said moneys, when collected, shall be paid to the county treasurer, and be by him credited to the account of the town which incurred the said expenses." (§ 34.)
Now, assuming that the defendant, as overseer of Norwich, made the promise alleged in the complaint, he did not bind his town more strongly for the payment of these expenses, than it was bound by the statute; and he could not, by making such a promise, change the mode which the law had provided for the auditing, collecting and paying over the money. The overseers of Pharsalia, on receiving the notice from the plaintiff's town, could do one of two things. They could contest the allegation of settlement in their town, by a proceeding before the superintendents. If they believed this could not be successfully done, they might take the pauper home to their own town, and provide for his support under their own superintendence. If they do neither, then the law takes charge of the case, and declares that the pauper shall be supported (in the first instance), at the expense of the town where he may be, and that such expense, after being audited by the county superintendents, shall be collected like the other town charges, out of the town which is chargeable, through the agency of the board of supervisors. The defendant elected neither to contest the settlement in his town, nor to bring the pauper there, to be supported under his direction; but it is said he bound his town, by an express promise, that it should reimburse the plaintiffs' town. This is just what the statute declared should be done, and that obligation was not increased or diminished by the making of such promise. Nor can the fact of the making of such an undertaking authorize the town entitled to be reimbursed, to pass by the agencies which the law has provided for the ascertainment of the amount of the expenses, before they are levied upon the tax payers, and sue the town or its representative, in the courts. The alleged official promise of the defendant was *Page 345 
void for want of authority on his part to make it. If he did not chose to adopt one or the other of the courses, which I have mentioned, he had no further agency in the case. The promise, therefore, was officious, and did not affect his town in any manner. I have not thought it necessary to inquire whether such actions as the present might have been maintained when the former statutes for the relief of the poor were in force; for these statutes were all repealed to make way for the new system. By that system, we have seen, there was no force or meaning in the alleged promise, and moreover, the defendant, as overseer, had no right to make it.
The decision of the referee was right, and his judgment should be affirmed.
BOWEN, J., delivered an opinion to the same effect as the foregoing, and all the judges who had heard the argument concurred.
Judgment affirmed.